**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **JEFFREY A. BENDER,** | | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12CV00245** |
| | § | **JURY DEMANDED** |
| **PAUL H. FENIMORE, CHARLOTTE E.** | § | |
| **MCLARRY, AS REPRESENTATIVE OF** | § | |
| **THE ESTATE OF GARY K. MCLARRY,** | § | |
| **and HOPKINS COUNTY, TEXAS,** | § | |
| **DEFENDANTS.** | § | |

**JOINT PROPOSED AMENDED JURY INSTRUCTIONS
AND JURY QUESTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff Jeffrey A. Bender and Defendants Hopkins County, Texas and Paul H. Fenimore ("Defendants"), who hereby make and file the following proposed amended jury instructions and questions. The Parties request the Court to charge the jury with each of the instructions and to submit to the jury each of the questions found in the Parties' joint proposed jury verdict. When the Parties have not agreed to an instruction, Plaintiff's proposed instruction is in *italics*, and Defendants' proposed instruction is in **bold** print. The Parties agree on pages 1 through 8 and continue to work on agreements as to the additional instructions and questions.

## INSTRUCTIONS FOR THE BEGINNING OF TRIAL

MEMBERS OF THE JURY PANEL:

If you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research-on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the

oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Source:  Fifth Circuit Pattern Jury Instruction 2014 (Civil), 1.1

## PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

Source:  Fifth Circuit Pattern Jury Instruction 2014 (Civil), 1.2

## CAUTIONARY INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A county and all other persons are equal before the law and must be treated as equals in a court of justice.

The plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically

conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You must give separate consideration to each claim and each party in this case. Although there are multiple defendants, it does not follow that if one is liable, any of the others is also liable.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Source:  Fifth Circuit Pattern Jury Instruction 2014 (Civil), 3.1, 2.16, 3.2, 3.3, 3.4, 3.5, 3.6, 3.7; (2009) 1.25

## JURY INSTRUCTION NO. 1

**42 U.S.C. Section 1983 –  Unlawful Arrest, Excessive Force**

Plaintiff Jeffrey Bender claims that Defendant Paul Fenimore violated the following constitutional rights:

1.      the constitutional protection from unreasonable arrest or "seizure"; and

2.      the constitutional protection from the use of excessive force during an arrest.

To recover damages for this alleged constitutional violation, Plaintiff Bender must prove by a preponderance of the evidence that:

1.      Defendant Paul Fenimore intentionally committed an act that violated the constitutional rights which Plaintiff Bender claims were violated; and

2.      Defendant Paul Fenimore's acts were the cause of Plaintiff Bender's damages.

The first right Plaintiff Bender claims Defendant Fenimore violated is the Fourth Amendment right to be protected from an unreasonable seizure.  Plaintiff Bender claims that Defendant Fenimore's arrest of him on February 24, 2012 violated his constitutional rights.   To establish this claim, Plaintiff Bender must show that the arrest was unreasonable.

A warrantless arrest such as the one involved in this case is considered unreasonable under the Fourth Amendment when, at the moment of the arrest, there is no probable cause for the defendant to reasonably believe that a crime has been or is being committed.  Probable cause exists when the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.[1]   The probable-cause standard is a "practical, nontechnical conception" that deals with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."[2]  Probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.  *Id.*  Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.  *Id.*

---

[1] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) (citing *Piazza v. Mayne*, 217 F.3d 239, 245–46 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)).

[2] *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003).

Probable cause does not require proof beyond a reasonable doubt, but only a showing of a fair probability of criminal activity. It must be more than bare suspicion, but need not reach the 50% mark. Finally, the reasonableness of an arrest must be judged based on what a reasonable officer would do under the circumstances, and does not consider Defendant Fenimore's state of mind. The question is whether a reasonable officer would believe that a crime was, or was being, committed based on the facts available to that officer at the time of the arrest. You should note that the legality of the arrest is established if Defendants have proved that a reasonable officer would have believed that probable cause existed to believe that Plaintiff Bender had committed any crime. The crime for which probable cause existed does not have to be the same crime for which Plaintiff was arrested.[3]

To help you determine whether Defendant Fenimore had probable cause to arrest Plaintiff Bender, I will now instruct you on the elements of the crime for which he was arrested. The Texas Penal Code Section 38.02(a) states that "a person commits an offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information." Defendant Fenimore claims he had probable cause to believe Plaintiff Bender had committed the crimes of possession of a stolen vehicle, theft, unauthorized use of a motor vehicle and interference with public duties.[4]

If you find that Plaintiff Bender has proved by a preponderance of the evidence that Defendant Fenimore lacked probable cause to make the arrest on February 24, 2012, then Defendant Fenimore violated Plaintiff's constitutional right to be free from unreasonable arrest or "seizure" and you must then consider whether Defendant Fenimore is entitled to qualified immunity, which is a bar to liability that I will explain later. If Plaintiff Bender failed to make this showing, then the arrest was constitutional, and your verdict will be for Defendant Fenimore on the unreasonable-arrest claim.

Finally, Plaintiff Bender claims Defendant Fenimore violated the Fourth Amendment using excessive force in placing the handcuffs on him when making the arrest on February 24, 2012. The Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper. To prevail on a Fourth Amendment excessive-force claim, Plaintiff must prove the following by a preponderance of the evidence:

1.    an injury;

2.    that the injury resulted directly from the use of force that was excessive to the need; and

---

[3]  *Devenpeck v. Alford*, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004).

[4]  Plaintiff specifically objects to the previous sentence as not having been asserted in any defensive pleadings.

3.      that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Plaintiff Bender's right to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to make an arrest.  Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Plaintiff Bender posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or attempting to evade arrest.

In cases such as this, alleging excessive force while being handcuffed, Plaintiff Bender must prove that he was injured by the handcuffing.  The injury may be a physical injury or a psychological injury.[5]  The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed.  Handcuffing too tightly, without more, does not amount to excessive force.[6]

Finally, as with the other rights I have discussed, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind.  You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

If you find that Plaintiff Bender has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Defendant Fenimore violated Plaintiff Bender's Fourth Amendment protection from excessive force and you must then consider whether Defendant Fenimore is entitled to qualified immunity, which is a bar to liability that I will explain later.  If Plaintiff Bender failed to make this showing, then the force was not unconstitutional, and your verdict will be for Defendant Fenimore on the excessive-force claim.

Source:  Fifth Circuit Pattern Jury Instruction 2014 (Civil), 10.1; *Devenpeck v. Alford*, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004); *Glenn v. City of Tyler,* 242 F.3d 307, 314 (5th Cir. 2001).

---

[5] *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005).

[6] *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

## JURY INSTRUCTION NO. 2

**Qualified Immunity**

As to each claim for which Plaintiff Bender has proved each essential element, you must consider whether Defendant Fenimore is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law.  It is Plaintiff Bender's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the arrest and force used to place the handcuffs on Plaintiff's wrists was lawful in light of clearly established law and the information Defendant Fenimore possessed at the time.  But Defendant Fenimore is not entitled to qualified immunity if, at the time of the arrest, a reasonable officer with the same information could not have believed that his actions  were lawful.   Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that an arrest is lawful if, under the same of similar circumstance, a reasonable officer would have believed that probable cause existed to believe that Plaintiff Bender had committed any crime.  Also, the force used to handcuff Plaintiff was lawful if it was objectively reasonable.

If, after considering the scope of discretion and responsibility generally given to peace officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Fenimore at the time of the arrest, you find that Plaintiff Bender failed to prove that no reasonable officer could have believed that the arrest was lawful and the force used was reasonable, then Defendant Fenimore is entitled to qualified immunity, and your verdict must be for Defendant Fenimore on those claims. But if you find that Defendant Fenimore violated Plaintiff Bender's constitutional rights and that Defendant Fenimore is not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff Bender on that claim.

Source:  Fifth Circuit Pattern Jury Instruction 2014 (Civil), 10.3

## <u>JURY INSTRUCTION NO. 3</u>

**False Imprisonment**

The Parties have discussed a proposed instruction on the claim of false imprisonment against Hopkins County, and have researched the issue and are still working on a proposed instruction.  The Parties will continue to work on this instruction and will promptly supplement with a specific instruction.

## <u>JURY INSTRUCTION NO. 4</u>

**Consider Damages Only if Necessary**

If Plaintiff Bender has proved his claim against Defendants Hopkins County and Deputy Paul Fenimore by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Bender's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case.  It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiff is entitled to recover money from Defendants.

Source:  Fifth Circuit Pattern Jury Instruction 2014 (Civil), 15.1

## JURY INSTRUCTION NO. 5

**Compensatory  Damages**

If you find that Defendants Hopkins County and Paul Fenimore are liable to Plaintiff Bender, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole-that is, to compensate Plaintiff for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury, if any.  If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering and mental anguish that he has suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Bender proves were proximately caused by Defendants Hopkins County or Paul Fenimore's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants.  You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead  you to engage in arbitrary guesswork.  On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**Emotional Distress Damages**

To recover compensatory damages for mental and emotional distress, Plaintiff Bender must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Bender must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**Punitive Damages**

If you find that Defendant Paul Fenimore is liable for Plaintiff Bender's injuries, you must award Plaintiff the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that Defendant Paul Fenimore acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Fenimore's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of Defendant Paul Fenimore's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant's conduct was motivated by a desire to augment profit;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Defendant Paul Fenimore in fixing the amount of punitive damages.

Source:  Fifth Circuit Pattern Jury Instruction 2014 (Civil), 10.12, 15.7

***Plaintiff's Proposed Interrogatories:***

*Do you from a preponderance of the evidence find that:*

*INTERROGATORY NUMBER 1*

*(1) the defendants intentionally committed acts that violated the plaintiffs Fourth Amendment rights not to be deprived of his liberty and subjected to an unreasonable search of property or his person or an unlawful arrest?*

*Answer "Yes" or "No."*

*Answer: _____*

*INTERROGATORY NUMBER 2*

*(2) that defendant Fenimore intentionally committed acts that violated the plaintiff's Fourth Amendment rights by subjecting plaintiff to excessive force during his unlawful arrest?*

*Answer "Yes" or "No."*

*Answer: _____*

*INTERROGATORY NUMBER 3*

*(3) the defendants' acts were the proximate cause of alleged injuries to Jeffrey A. Bender?*

*Answer "Yes" or "No."*

       *Answer: _____*

*INTERROGATORY NUMBER 4*

*(4) What sum of money, if any, would fairly and reasonably compensate the Jeffrey A. Bender for his damages proximately caused by the wrongful acts of the defendants? Answer in dollars and cents, if any. Consider the following elements of damage:*

*Damages, if any, that were sustained in the past:*

*A. Constitutional tort [Fourth Amendment] $ _____*

*B. Mental anguish $ _____*

*Damages, if any, that in all likelihood will be suffered in the future:*

*C. Mental anguish $ _____*

*INTERROGATORY NUMBER 5*

*(5) Do you find from a preponderance of the evidence that defendant Fenimore acted with malice or with reckless indifference to any plaintiffs federally protected rights and that punitive damages should be assessed against that defendant?*

*Answer "Yes" or "No" _____*

**Defendants' Proposed Questions**:

**QUESTION 1**

Did Jeffrey Bender prove, by a preponderance of the evidence, that Deputy Paul Fenimore arrested him without probable cause in violation of the Fourth Amendment and that the conduct of Deputy Fenimore was a direct and proximate cause of the injuries Plaintiff claims to have suffered as a result of his arrest?

YES _____          NO _____

Please go to and answer Question 2.

**QUESTION 2**

       **Did Jeffrey Bender prove, by a preponderance of the evidence, that Deputy Paul Fenimore used excessive force while placing handcuffs on him, in violation of the Fourth Amendment, and that the conduct of Deputy Fenimore was a direct and proximate cause of the injuries Plaintiff claims to have suffered as a result of his handcuffs allegedly being placed on him too tightly?**

       **YES _____          NO _____**

       **If you have answered "NO" to Questions 1 and 2, then please go to Question 4.  Otherwise, please go to and answer Question 3.**

If you answered "YES" to either Question 1 or 2, please answer Question 3. If you answered "NO" to both Questions 1 and 2, then do not answer the following question.

**QUESTION 3**

Do you find that Deputy Fenimore is entitled to the defense of qualified immunity under the law given to you by the Court and, therefore, is not liable to Plaintiff.

YES _____          NO _____

If you answered "NO" to Question 3, then please answer Questions 4 through 6.

**QUESTION 4**

**Did Hopkins County, Texas falsely imprison Plaintiff?**

**"Falsely imprison" means to willfully detain another without legal justification, against his consent, whether such detention be effected by violence, by threat, or by any other means that restrains a person from moving from one place to another.**

**YES _____          NO _____**

**QUESTION 5**

What sum of money, if paid in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate Plaintiff Bender for his alleged physical and mental anguish damages, if any, suffered by him, which were proximately caused by the occurrence in question.

Answer in dollars and cents, or state "none."

Jeffrey Bender        _____

If you have answered Question 7 with any answer other than "none," then please answer Question 8.  Otherwise, please do not continue your deliberations, turn to the last page of this form, and date and sign this form.

**QUESTION 6**

Do you find that punitive damages should be assessed against Deputy Paul Fenimore under the law given to you by the Court?

YES _____          NO _____


If you answered "YES" to Questions 8, then please answer Question 9. Otherwise, please do not continue your deliberations, turn to the last page of this form, and date and sign this form.

**QUESTION 7**

      **If you answered "YES" in Question 8, what sum of money, if any, by a preponderance of the evidence, should be assessed as punitive damages, if any, under the instructions and law given to you by the Court.**

**Answer in dollars and cents or state "none."**

      **Paul Fenimore**     **_____**

### <u>CERTIFICATE</u>

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror

(To be signed by those rendering verdict if not unanimous.)

Jurors' Signatures                                    Jurors' Printed Names

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Respectfully submitted,

**LAW OFFICE OF DAVID D. DAVIS, PLLC**
P.O. Box 542915
Grand Prairie, Texas 75054-2915
(972) 639.3440
(972) 639.3640 (Telecopier)


      /s/ David D. Davis
**DAVID D. DAVIS**
State Bar No. 00790568
ddd@dddavislaw.net

**ATTORNEY FOR PLAINTIFF**



**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile


**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
Lead Attorney
**LEE I. CORREA**
State Bar. No. 24072049
lic@flowersdavis.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on December 29, 2016, in the following manner:

    X     Via ECF

_____
**Lee I. Correa**