**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JEFFREY A. BENDER, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12CV00245 |
| | § | JURY DEMANDED |
| PAUL H. FENIMORE, CHARLOTTE E. | § | |
| MCLARRY, AS REPRESENTATIVE OF | § | |
| THE ESTATE OF GARY K. MCLARRY, | § | |
| and HOPKINS COUNTY, TEXAS, | § | |
| DEFENDANTS. | § | |

**JOINT AMENDED FINAL PRE-TRIAL ORDER**

This cause came before the Court at a pre-trial management conference held on January 4, 2017, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.    COUNSEL FOR THE PARTIES**

Plaintiff:    David D. Davis
             State Bar No.: 00790568
             Email: ddd@dddavislaw.net

             Law Office of David D. Davis, PLLC
             P.O. Box 542915
             Grand Prairie, TX  75054-2915
             972.639.3440
             972.639.3640 Facsimile

Defendants:  Robert S. Davis
             State Bar No. 05544200
             Email: rsd@flowersdavis.com

             Lee I. Correa
             State Bar No. 24072049
             Email: lic@flowersdavis.com

             Flowers Davis, PLLC
             1021 ESE Loop 323, Suite 200
             Tyler, TX  75701
             903.534.8063
             903.534.1650 Facsimile

**B.      STATEMENT OF JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this civil action arises under 42 U.S.C. § 1983. Jurisdiction is not disputed.

**C.      NATURE OF ACTION**

Plaintiff Jeffrey A. Bender claims his Constitutional right to not be subjected to unlawful arrest or excessive use of force was violated, and that he was falsely imprisoned by Defendants. Bender was unlawfully arrested by Fenimore, and while arrested, subject to the use of excessive force in the placement of the handcuffs, despite repeated requests to loosen the handcuffs. Plaintiff Bender sues Fenimore for the constitutional violations, mental anguish damages, physical pain and suffering, and for punitive damages.  Plaintiff Bender sues the County for loss of liberty and mental anguish damages.

Defendants Hopkins County, Texas and Deputy Paul Fenimore deny all the allegations asserted by Plaintiff.  Defendants allege that probable cause existed to arrest Plaintiff.  Defendants allege that Deputy Fenimore's actions were objectively reasonable and that Deputy Fenimore is entitled to qualified immunity.  Defendants further allege that Plaintiff did not suffer more than a de minimus injury, if any, by the placement of his handcuffs; that the force used to place Plaintiff's handcuffs was not excessive to the need; and that the force used was objectively reasonable.

Defendant Hopkins County denies that it can be liable, as a matter of law, for the state law intentional tort of false imprisonment since there is no waiver of immunity under the Texas Tort Claims Act or other legislative enactment abrogating immunity.

**D.      CONTENTIONS OF THE PARTIES**

**Plaintiff's Contentions**

1.      Jeffrey Bender contends that Paul Fenimore who is a deputy sheriff and the Hopkins County Sheriff's Department violated his Fourth Amendment right to not be deprived of his liberty without due process of law, to not be subjected to an unreasonable arrest, and to be free from the use of excessive force during an arrest.  Further, that Plaintiff was subjected to false imprisonment as a result of his arrest.

2.      Upon arriving at the Benders' Auto Diesel Corral mechanic business, deputies made contact with Plaintiff and asked about a car reported as stolen.  Mr. Bender informed the deputies did not know anything about a stolen vehicle, but that his wife had had a vehicle repossessed and it was out back, and he pointed to the location.  He was asked to call his wife, which he did several times at their request.

3.     After placing the calls to his wife, the deputies left the garage towards their car and Mr. Bender returned to work.

4.     At no time was Mr. Bender ever shown or told of a search warrant or arrest warrant. He was never asked if it was okay for the deputies to enter onto the Bender property, whether business or private.  Mr. Bender was unaware that any of the deputies had left the garage area.

5.     At no time prior to Mr. Bender's arrest by Deputy Fenimore on February 24, 2012, was he ever told he was detained or under arrest by any of the deputies present. At no time prior to his arrest was Mr. Bender given any instructions that he was to remain in the garage or in that general area.

6.     At no time did Mr. Bender call out to his wife or otherwise attempt to interfere with the arrest of his wife.

7.     At no time did Mr. Bender ever refuse to provide his I.D., or name and/or address prior to being arrested.  He did ask that the deputy requesting his identification tell him why he wanted the information.

8.     That prior to the deputies arrival at the Bender property, no one had conducted any investigation into the matter.

9.     That an unknown Hopkins County Sheriff's employee entered the vehicle at issue as stolen in the TCIC/NCIC database prior to the Sheriff's deputies being dispatched to the Bender property.

10.    That Hopkins County Sheriff's Office did not have an auto task force as stated by Deputy McLarry.

11.    That the Hopkins County District Attorney did not tell any member of the Hopkins County Sheriff's Office to arrest Mrs. Bender if she did not give them the keys.

12.    Bender contends he was arrested solely for having asked Fenimore why he wanted his (Bender's) identification.

13.    Plaintiff is entitled to damages, both general and special, to include for his loss of liberty, physical pain and suffering, mental anguish, costs associated with defending himself in the criminal prosecution, and for violation of his constitutional rights.

14.    Plaintiff is entitled to recover attorney's fee and costs.

**Defendants' Contentions**

1.  Neither Hopkins County nor Deputy Paul Fenimore is liable to Plaintiff for any claim or cause of action asserted by Plaintiff.  Plaintiff is not entitled to recover damages under any theory from either Hopkins County or Paul Fenimore.

2.  On February 24, 2012, Paul Fenimore was a Hopkins County Sheriff's Deputy.  As part of his law enforcement duties, Deputy Fenimore was sent to the Benders' Auto Diesel Corral to recover a vehicle that had been reported as stolen.

3.  Prior to responding to the Benders' business on February 24, 2012, Fenimore, along with other patrol deputies, attended a briefing with a criminal investigation division officer regarding a 2001 Volvo reported as stolen.  Deputy Fenimore was advised that the complainants were in possession of the original Title to the vehicle and a Receipt indicating the vehicle was paid in full.  Deputy Fenimore was further advised of the following: a description of the vehicle; the vehicle was reportedly taken by two white females and a white male; the vehicle's keys were taken from the complainants and the vehicle was driven to the Benders' property; once at the Benders' property, Plaintiff's wife took possession the keys to the vehicle; and the vehicle was last seen on Plaintiff's business property.

4.  On February 24, 2012, the 2001 Volvo was entered into TCIC and NCIC as a stolen vehicle.

5.  On February 24, 2012, Hopkins County Chief Investigator Lewis Tatum asked Deputy Fenimore to assist in recovering the stolen vehicle.  Along with Lt. Gary McLarry and Deputy Fenimore proceeded to the Auto Diesel Corral to recover the stolen vehicle.  Sgt. Brad Cummings arrived later to back up the officers.

6.  Upon arriving at the Benders' Auto Diesel Corral mechanic business, officers made contact with Plaintiff and asked him if he knew where the 2001 Volvo was located.  Plaintiff told officers that the vehicle in question was parked in the Benders' car lot and pointed it out to officers.  Plaintiff told officers that the 2001 Volvo could not be moved because it was blocked by other vehicles.  Plaintiff also told officers that his wife had the keys to the vehicle.  Deputy Fenimore detained Plaintiff.

7.  Deputy Fenimore verified that the VIN number and license plate number on the vehicle Plaintiff pointed out was the same as the stolen vehicle and confirmed the same with dispatch.

8.  When Plaintiff's wife arrived to the property, she was asked to move the cars that were blocking in the Volvo and give the officers the keys to the Volvo.  She did not give up the keys to the vehicle and did not move the cars blocking it in, so she was arrested for Unauthorized Use of a Motor Vehicle.  This Court has previously determined that Hopkins County and individual Hopkins County Deputies did not violate Plaintiff's wife's constitutional rights by arresting her

9.      Sgt. Cummings allowed Plaintiff's wife to leave her purse with her husband instead of taking it the Jail as part of her property.  Deputy Fenimore attempted to give Plaintiff his wife's purse.  Deputy Fenimore asked Plaintiff for his identification.  Plaintiff did not turn around and did not identify himself to the officer.  Deputy Fenimore asked Plaintiff for his identification multiple times, but each time Plaintiff did not identify himself.  Plaintiff was arrested for Failure to Identify, Texas Penal Code Section 38.02.

10.     Deputy Paul Fenimore handcuffed Plaintiff using only the minimum force necessary to place the handcuffs on Plaintiff.  Lt. Gary McLarry checked Plaintiff's handcuffs when Plaintiff complained they were too tight and found them to not be too tight.

11.     At the time of Plaintiff's arrest, Deputy Fenimore believed probable cause existed to arrest Plaintiff on the charges of failure to identify, theft, unauthorized use of a motor vehicle and interference with public duties.  A reasonable officer in the same or similar circumstances could have believed that probable cause existed to believe Plaintiff had committed, or was committing, a crime.

12.     Plaintiff was booked in at the Hopkins County Jail at 12:48 p.m. on February 24, 2016 and released at 11:00 a.m. on February 25, 2016.

13.     At all times while employed at the Hopkins County Sheriff's Office, Deputy Paul Fenimore received training in excess of the minimum training required of peace officers in the State of Texas.

14.     Deputy Fenimore is entitled to the defense of qualified immunity for his actions in arresting Plaintiff because he was performing discretionary duties, in good faith, within the scope of his employment.  Furthermore, Fenimore did not violate clearly established constitutional or statutory rights of which a reasonable person would have known.

15.     Paul Fenimore did not violate Plaintiff's constitutional right to be free from unlawful arrest.

16.     Paul Fenimore did not violate Plaintiff's constitutional right to be free from excessive force.

17.     No waiver of immunity exists under the Texas Tort Claims Act or other legislative enactment abrogating immunity for the claim of false imprisonment.

18.     Plaintiff suffered no injury as a result of either Hopkins County or Fenimore's actions.

19.     Plaintiff did not seek medical, physical psychological or emotional treatment or assistance within a reasonable time after his arrest.

20. Plaintiff is not entitled to actual damages.

21. Deputy Fenimore's actions were not wanton, malicious or done in conscious disregard of and with deliberate indifference to the rights of Plaintiff. Accordingly, Plaintiff is not entitled to punitive damages.

22. Plaintiff is not entitled to recover attorney's fee or costs.

23. Plaintiff has failed to mitigate his damages.

## E.   STIPULATIONS AND UNCONTESTED FACTS

1. On February 24, 2012, Deputy Paul Fenimore was acting in the course and scope of his authority as a law enforcement officer at all times relevant hereto.

2. At the time of Plaintiff Bender's arrest on February 24, 2012, Deputy Paul Fenimore did not have an arrest warrant.

3. This lawsuit was filed by Plaintiff on April 25, 2012.

4. Jeff Bender was arrested on February 24, 2012 at the Auto Diesel Corral garage.

5. On February 24, 2012, Deputy Paul Fenimore acted under color of state law at all times relevant hereto.

6. That venue is appropriate in the Eastern District of Texas, Sherman Division.

7. That the Court has jurisdiction over Plaintiff's claims asserted in this civil action.

8. That Deputy Paul Fenimore was an employee of Hopkins County at all times relevant hereto.

9. That Hopkins County is a county located within the boundaries of the Eastern District of Texas.

## F.   CONTESTED ISSUES OF FACT AND LAW[1]

### Plaintiff's Contested Issues of Fact:

1. McLarry arrived at the entrance to the Bender property and began asking about a repossessed financed vehicle, claiming that it was reported as stolen.

2. That Defendant Fenimore knew whose property he was at or on.

---

[1] To the extent that any of these issues of fact may be properly considered issues of law, this Pretrial Order should be read to include any such issues as contested issues of law, and vice versa.

3. That Defendant Fenimore never communicated to Bender that he was being detained or was under arrest, except at the time he arrested Bender.

4. That Defendant Fenimore had any reasonable suspicion or probable cause to believe that Bender had engaged in any criminal conduct.

5. That Fenimore did anything more than ask for Bender's identification.

6. That Fenimore was asked why he wanted Bender's identification.

8. That Bender refused to produce his identification.

**Plaintiff's Contested Issues of Law:**

1. Jeffrey Bender contends that Paul Fenimore, a deputy sheriff for the Hopkins County Sheriff's Department, and Hopkins County, via the Hopkins County Sheriff's Department, violated his Fourth Amendment rights to not be deprived of his liberty without due process of law, and to be free from the use of excessive force during an arrest.  Further, that Plaintiff was subjected to false imprisonment as a result of his arrest.

2. That an arrest of a person must be based on probable cause particularized with respect to that person unless a constitutionally adequate substitute for probable cause exists.

3. That a warrantless arrest must be based on probable cause. Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.

4. That the facts must be known to the officer at the time of the arrest; post-hoc justifications based on facts later learned cannot support an earlier arrest.

5. That the probable cause standard requires not merely a reasonable suspicion that a crime has been committed, but a reasonable basis under the circumstances for reaching that conclusion and for acting on it. As a corollary, moreover, of the rule that the police may rely on the totality of facts available to them in establishing probable cause,[2] they also may not disregard facts tending to dissipate probable cause.

6. That when the arrest occurred of Bender, it was clearly established that the amount of force that the officers could use depend[ed] on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee.

---

[2] *United States v. Fooladi,* 703 F.2d 180, 184 (5th Cir.1983); *United States v. Clark,* 559 F.2d 420, 424 (5th Cir.1977).

**Defendants' Contested Issues of Law and Fact:**

1.      Whether Deputy Paul Fenimore engaged in any objectively unreasonable and unconstitutional action or conduct during Plaintiff's arrest and whether any such alleged conduct was the proximate cause of any damages to Plaintiff.

2.      Whether, at the time of Plaintiff's arrest on February 24, 2012, probable cause existed to believe Plaintiff had committed or was committing a crime or crimes.

3.      Whether Plaintiff suffered more than a de minimis injury from being handcuffed. "Although a showing of "significant injury" is no longer required in the context of an excessive force claim, we do require a plaintiff asserting an excessive force claim to have suffered at least some form of injury.  The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed … handcuffing too tightly, without more, does not amount to excessive force."[3]

4.      Whether subjective analysis of the officer's state of mind is irrelevant to the analysis of a false arrest claim.  The only question is whether, given the facts known to the officer, he had probable cause to arrest the defendant for any crime.[4]

5.      Whether given the facts and circumstances known to Fenimore at the time of Plaintiff's arrest, he could have reasonably believed he had probable cause to arrest Plaintiff for any crime.

6.      Whether given the facts known to Fenimore at the time of Plaintiff's arrest, a reasonable officer, with knowledge of the same facts and circumstances, could have reasonably believed probable cause existed to believe that Plaintiff had committed, or was committing, a crime.

7.      Whether Hopkins County is liable for Plaintiff's state law claim of false imprisonment since there is no waiver of immunity under the Texas Tort Claims Act or other legislative enactment abrogating immunity.  Under the Texas Tort Claims Act, there is no waiver of immunity for any claim "arising out of assault, battery, false imprisonment, or any other intentional tort."[5]

8.      Whether Hopkins County proximately caused any mental anguish damages to Plaintiff.

9.      Whether Hopkins County proximately caused any physical pain and suffering damages to Plaintiff.

10.     Whether Deputy Paul Fenimore is shielded from liability by qualified immunity.

---

[3] *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks and citations omitted).

[4] *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004),

[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 2005).

11.   Whether Plaintiff has failed to mitigate his alleged damages.

12.   Whether Deputy Paul Fenimore is liable to Plaintiff for any punitive damages.

13.   Whether Plaintiff is entitled to recovery of any attorney's fees and cost of court (to be determined by the Court after trial, if appropriate).

14.   Whether Defendants are entitled to recovery of any attorney's fees and costs of court (to be determined by the Court after trial, if appropriate).

**G.   LIST OF WITNESSES**

Plaintiff's Witness List is attached hereto as Exhibit A.

Defendants' Witness List is attached hereto as Exhibit B.

**H.   LIST OF EXHIBITS**

Plaintiff's Exhibit List is attached hereto as Exhibit C.

Defendants' Exhibit List is attached hereto as Exhibit D.

**I.   LIST OF ANY PENDING MOTIONS**

Defendants' Objections to Plaintiff's Pretrial Disclosures (Docket No. 132)

Plaintiff's Motion to Strike Defendants' Pretrial Disclosure Exhibits and Supplemental Disclosures (Docket No. 153)

Plaintiff's Motion for Judicial Notice (Docket No. 157)

Plaintiff's Amended Motion in Limine (Docket No. 165)

Defendants' Amended Motion in Limine (Docket No. 166)

**J.   PROBABLE LENGTH OF TRIAL**

Plaintiff estimates the probable length of trial is 3-4 days.
Defendants estimate the probable length of trial is 2-3 days.

**K.   MANAGEMENT CONFERENCE LIMITATIONS**

None.

## L.   TRIAL MANAGEMENT PROCEDURES

1.      A demonstrative is any document or thing shown to the jury or referenced by an attorney in the jury's presence. Demonstratives are not attorney notes, written thoughts, etc. which merely summarize the evidence or arguments.

2.      Demonstratives may not be submitted as evidence.

3.      Witnesses and evidence shall be identified and exchanged pursuant to the Court's Orders.

## M.   CERTIFICATIONS

The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

(1)      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)      Each exhibit in the List of Exhibits herein:

(a)      is in existence;

(b)      is numbered; and

(c)      has been disclosed and shown to opposing counsel.

Approved as to form and substance:

**Law Office of David D. Davis, PLLC**
P.O. Box 542915
Grand Prairie, TX  75054-2915
972/639-3440
972/639-3640 Facsimile


 /s/ David D. Davis
**DAVID D. DAVIS**
State Bar No.: 00790568
ddd@dddavislaw.net

**ATTORNEY FOR PLAINTIFF**

**Flowers Davis, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

/s/ Lee I. Correa
**LEE I. CORREA**
State Bar. No. 24072049
lic@flowersdavis.com

**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
Lead Counsel

**ATTORNEYS FOR DEFENDANTS**

(Note: An attorney of record may sign and certify this order on behalf of opposing counsel "with permission.")